CHRISTOPHER D. DUSSEAULT, 177557
CAROL M. SILBERBERG, 217658
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
E-Mail: cdusseault@gibsondunn.com
E-Mail: csilberberg@gibsondunn.com

Counsel for Defendant Duro Bag Manufacturing Co.

FILED

10 AUG 12 AM 10: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

WESTERN PACIFIC KRAFT, INC., a California corporation,

Plaintiff,

v.

DURO BAG MANUFACTURING COMPANY, a Kentucky Corporation,

Defendant.

Case No. CV 10 6017 -DDP (SSx)

**NOTICE OF REMOVAL**

**To The United States District Court for the Central District of California and Plaintiff and Its Attorney of Record:**

PLEASE TAKE NOTICE that pursuant to 28 USC. §§ 1441 and 1446, Defendant Duro Bag Manufacturing Co. ("Duro Bag") hereby removes the State Court action described below to the United States District Court for the Central District of California. This removal is based upon the following:

1. On July 9, 2010, Plaintiff Western Pacific Kraft, Inc. ("WPK") filed this action in the Superior Court of the State of California, for the County of Los Angeles, entitled *Western Pacific Kraft, Inc. v. Duro Bag Manufacturing Co.*, Docket No. BC441367. A true and correct copy of the State Court complaint is attached hereto as Exhibit A.

2. On July 13, 2010, Duro Bag was served with a summons and a copy of the Complaint filed in this action. A true and correct copy of the summons is attached hereto as Exhibit B.

**JURISDICTION**

3. The State Court action is a civil action over which the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists between the plaintiff WPK and Duro Bag, the only defendant, and the amount-in-controversy requirement is met, and as such, is one which may be removed to this Court pursuant to 28 U.S.S. § 1441(b) for the reasons set forth below:

4. This is an action between citizens of different states. According to the Complaint, plaintiff WPK is a California corporation with its principal place of business located in Los Angeles, California. (Compl. ¶ 1.) Also according to the Complaint, Duro Bag is a citizen of Kentucky, pursuant to 28 U.S.C. § 1332(c)(1): Duro Bag is incorporated in Kentucky and has its principal place of business in there. (Compl. ¶ 2.) For these reasons, this matter is a controversy between citizens of different states within the meaning of 28 U.S. C. § 1332; *see also See Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

5. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). For amount in controversy purposes, both prospective compensatory and prospective punitive damages, where permitted by state law, must be considered. *See generally Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). Here, the Complaint specifies that the amount of damages sought is "not less than Five Million Dollars ($5,000,000), excluding any potential punitive damages. (Compl. ¶¶ 28, 33, Prayer for Relief ¶ 3.) Moreover, WPK alleges that it has lost customers, revenues and profits, suffered "loss in the value of its business as a going concern," lost goodwill, and "potentially lost is entire business opportunity." (Compl. ¶ 26.) For these reasons, the amount in controversy in the State Court action exceeds $75,000, as required by 28 U.S.C. § 1332.

**TIMING**

6. This Notice of Removal is timely as required by 28 U.S.C. § 1446(b) because it is filed within 30 days of the date defendant Duro Bag was served with a copy of the Complaint, which was originally filed on July 9, 2010 and served on July 13, 2010.

7. Defendant Duro Bag has taken no action in the State Court proceeding.

8. A true and correct copy of Defendant's Notice to State Court and Adverse Parties of Removal to the United States District Court is attached hereto as Exhibit C. Promptly after filing this Notice, Defendant shall serve that Notice upon counsel for WPK, and file it with the Clerk of the Court for the Superior Court of California, County of Los Angeles.

9. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit D is a true and correct copy of the Civil Case Cover Sheet and Addendum, Notice of Case Assignment, ADR Information Package, Demand for Jury Trial and an Order for a Case Management Conference.

10. Defendant Duro Bag is represented by the undersigned who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

Wherefore, Defendant Duro Bag respectfully notifies this Court that it has removed the above-referenced State Court action now pending in the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: August 12, 2010

CHRISTOPHER D. DUSSEAULT
CAROL M. SILBERBERG
GIBSON, DUNN & CRUTCHER LLP

By: Christopher D. Dusseault

Attorneys for Defendant
DURO BAG MANUFACTURING CO

# EXHIBIT A



BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
mblecher@blechercollins.com
Jennifer S. Elkayam (State Bar No. 238619)
jelkayam@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff
WESTERN PACIFIC KRAFT, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 09 2010

John A. Clarke, Executive Officer/Clerk
By ______, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

WESTERN PACIFIC KRAFT, INC., a California corporation,

Plaintiff,

vs.

DURO BAG MANUFACTURING COMPANY, a Kentucky corporation,

Defendant.

CASE NO. BC441367

COMPLAINT FOR DAMAGES FOR VIOLATION OF:
(1) UNFAIR TRADE PRACTICES ACT, BUS. & PROF. CODE § 17045;
(2) INTENTIONAL INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC ADVANTAGE; and
(3) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

[DEMAND FOR JURY TRIAL]

Plaintiff WESTERN PACIFIC KRAFT, INC., files this Complaint against defendant DURO BAG MANUFACTURING COMPANY and complains and alleges as follows:

I.

THE PARTIES

1. Plaintiff WESTERN PACIFIC KRAFT, INC. ("WPK") is a California corporation with its principal place of business located in Los Angeles, California. Since the 1970s WPK has been a wholesaler of paper bags which it has purchased almost exclusively from defendant Duro Bag Manufacturing Company.

2. Defendant DURO BAG MANUFACTURING COMPANY ("DURO") is a





BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

corporation organized and existing by virtue of the laws of the State of Kentucky, with its principal place of business at Florence, Kentucky 41042. DURO holds itself out to be the largest manufacturer of paper bags in the world.

II.

NATURE OF COMPETITION

3. Since the 1970s plaintiff WPK has purchased an array of paper bags from defendant DURO which it has resold to its customers.

4. WPK's principal competitor was DURO itself.

5. Over the years when DURO would implement a price increase, WPK would raise prices to its customers. During the 1970s until late 2009, DURO would allow WPK to issue debit memos to adjust prices when appropriate and WPK always received a three percent (3%) rebate from DURO each month applied to all purchases.

6. On October 9, 2009, DURO sent an e-mail to WPK notifying WPK that it would no longer allow any debits.

7. Since October 9, 2009, DURO has been selling to its customers and to WPK's customers at disparate and discriminatory prices, the common feature of which is that those prices have been equal or lower to the prices DURO was charging WPK making it impossible for WPK to compete.

8. The prices, rebates and allowances extended by DURO after October 9, 2009, have been secret and unearned. Plaintiff is informed and believes that DURO is selling at disparate and discriminatory prices at "whatever it takes" levels.

9. DURO has made an active campaign to acquire all of WPK's major customers and virtually all of those entities now buy directly from DURO. The affect is that WPK has effectively been run out of business by DURO.

10. After the announcement of DURO's new policies, WPK contacted AJM another manufacturer of paper bags. A WPK representative met with Randy Hass of AJM and requested price quotations for bags and Randy Hass agreed to provide price quotations to WPK. The day after that meeting, the WPK representative received a call

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

from Jim Eaton of DURO inquiring about the meeting. WPK has never received price quotations from AJM..

11. From October 2009 to the present, DURO began, and continues, to provide substantial rebates, refunds, commissions and/or unearned discounts to WPK customers which were not disclose or made available to plaintiff.

12. The preferential pricing, rebates, refunds, commissions and/or unearned discounts provided by DURO gave it a significant pricing advantage over plaintiff WPK.

13. Plaintiff WPK could not practicably meet the lower prices offered by defendant DURO. As a result, plaintiff WPK lost those customers to DURO and is now virtually defunct.

III.

**FIRST CAUSE OF ACTION**

**(Violation of California Business and Professions Code Section 17045)**

14. Plaintiff incorporates by reference the allegations in Paragraphs 1-13, *supra*, as though fully set forth herein.

15. Under California Business and Professions Code § 17045 ("Section 17045"), the "secret payment or allowance of rebates, refunds, commissions, or unearned discounts, whether in the form of money or otherwise, . . . to the injury of a competitor and where such payment or allowance tends to destroy competition, is unlawful."

16. DURO has provided secret payments, rebates, refunds, commissions and/or unearned discounts to WPK's customers that were not disclosed or made available to plaintiff WPK.

17. Plaintiff WPK is informed and believes that DURO continues to provide, directly or indirectly, secret payments, rebates, refunds, commissions and/or unearned discounts to WPK's customers that are not available to plaintiff WPK.

18. DURO has not disclosed to plaintiff WPK the essential terms under which it has provided and continues to provide rebates, refunds, commissions and/or unearned discounts to WPK's customers.



BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

19. Plaintiff WPK and DURO compete directly with each other for customers.

20. The undisclosed payments, rebates, refunds, commissions and unearned discounts provided by DURO to WPK's customers have directly injured plaintiff as a competitor and tend to destroy competition among sellers of paper bags in Southern California.

21. Plaintiff WPK has lost sales and profits as a result of the unlawful payments, rebates, refunds, commissions and unearned discounts in that it has lost sales because it could not match the prices that DURO offered WPK's customers because of the unlawful payments they received.

22. Defendant DURO's past and continuing violation of Section 17405 will be proved at trial. Accordingly, plaintiff is entitled to an injunction requiring DURO to disclose to plaintiff WPK the essential terms of the agreements under which it provides any rebates, refunds, commissions or unearned discounts to WPK's customers.

IV.

**SECOND CAUSE OF ACTION**

**(Intentional Interference with Contract and Prospective Economic Advantage)**

23. Plaintiff incorporates by reference the allegations in Paragraphs 1-22, *supra*, as though fully set forth herein.

24. Plaintiff WPK has had, during the period of this Complaint, reasonable and valuable expectations of actual and prospective business relationships, including actual contracts to transport and sell paper bags. Defendant DURO was aware of the existence of these contracts and relationships because it knew the identity of all plaintiff's customers.

25. Defendant DURO intentionally disrupted and interfered with plaintiff's actual contracts and prospective business relationships. As a proximate result of defendant's conduct, plaintiff has been prevented from consummating business transactions which would have yielded substantial profit to it.

26. As a direct and proximate result of defendant's tortious interference plaintiff

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

has sustained and will sustain the following injuries, among others:

(a) it has lost or will lose customers, revenues and/or profits in an amount as yet undetermined with certainty at present;

(b) it has suffered or will suffer a huge loss in the value of its business as a going concern;

(c) it has suffered or will suffer a substantial loss of goodwill normally attached to a successful enterprise; and

(d) it has potentially lost its entire business opportunity.

27. In addition to usurping WPK's customers at prices WPK could not compete against, DURO also interfered with WPK's effort to secure an alternative source of supply from AJM.

28. Plaintiff WPK cannot now measure its damages with specificity, but has reason to believe that its damages are not less than Five Million Dollars ($5,000,000). When plaintiff has sufficient information to allege with specificity, the quantum of damages, it will ask leave of Court to amend this Complaint to insert said sums herein.

29. Defendant's tortious interference was done knowingly, willfully and maliciously and with the intent to injure and oppress plaintiff and, therefore, plaintiff is entitled to recover exemplary and punitive damages.

<u>THIRD CAUSE OF ACTION</u>

**(<u>Breach of the Covenant of Good Faith and Fair Dealing</u>)**

30. Plaintiff incorporates by reference the allegations in Paragraphs 1-29, *supra,* as though fully set forth herein.

31. An implied covenant in the ongoing relationship between WPK and DURO was DURO's duty to perform the contract and not do anything that prevented plaintiff from realizing the objective of its arrangement, the resale of paper bags.

32. DURO breached the above duty by its conduct described herein, i.e., selling to WPK's customers at prices which rendered WPK noncompetitive and interfering with WPK's efforts to find an alternate source of paper bags.



BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

33. As a direct and proximate result of DURO's conduct as alleged herein, plaintiff has been damaged in that its profits, goodwill and going concern value have all been adversely affected. Plaintiff does not know the full extent of its damages at this time, but estimates they exceed Five Million Dollars ($5,000,000), and will seek leave to amend this Complaint to insert the amount when it has been ascertained.

## RELIEF REQUESTED

**WHEREFORE**, plaintiff WPK requests the entry of judgment against defendant as follows:

1. That the conduct of defendant be adjudged to be a violation of (a) Section 17045 of the California Business and Professions Code, (b) the common law of tortious interference, and (c) covenant of good faith and fair dealing.

2. That plaintiff WPK recover treble the amount of its compensatory damages sustained from defendant DURO by reason of the violations of Section 17045 of the California Business and Professions Code.

3. That plaintiff recover its compensatory damages and punitive damages sustained from defendant for the intentional and malicious tortious interference with plaintiff's actual and prospective contracts.

4. That plaintiff WPK recover compensatory damages from defendant DURO for its breach of the covenant of good faith and fair dealing.

5. That plaintiff be awarded its reasonable attorneys' fees and costs of litigation as provided by Section 17082 of the California Business and Professions Code.

6. That this Court provide such other and further relief as may be just and proper.

Dated: July 9, 2010

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER
JENNIFER S. ELKAYAM

By: ________________
Maxwell M. Blecher
Attorneys for Plaintiff WESTERN PACIFIC KRAFT, INC.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

# EXHIBIT B

Rec'd 7/13/10 amR

COP

FOR COURT USE (SOLO PARA USO DE LA

CONFORMED OF ORIGINAL FIL Los Angeles Superior C

JUL 09 2010

John A. Clarke, Executive Officer/Clerk
By SHAUNYA WESLEY, Deputy

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
DURO BAG MANUFACTURING COMPANY, A Kentucky Corporation

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WESTERN PACIFIC KRAFT, INC., A California, Corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

CASE NUMBER: *(Número del Caso):* BC441367

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MAXWELL M. BLECHER, 515 South Figueroa Street, Suite 1750, Los Angeles, CA 90071, (213) 622-4222

DATE: *(Fecha)* JUL 09 2010 JOHN A. CLARKE, CLERK Clerk, by *(Secretario)* S. WESLEY, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: DURO BAG MANUFACTURING COMPANY, A KENTUCKY CORPORATION

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:









American LegalNet, Inc. www.FormsWorkflow.com

# EXHIBIT C

CHRISTOPEHER D. DUSSEAULT, SBN 133304
cdusseault@gibsondunn.com
CAROL M. SILBERBERG, SBN 217658
csilberberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Tel: (213) 229-7000
Fax: (213) 229-6635

Attorneys for Defendant Duro Bag Manufacturing Co.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| WESTERN PACIFIC KRAFT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DURO BAG MANUFACTURING COMPANY, a Kentucky corporation,<br><br>Defendant. | Case No. BC 441367<br><br>[Assigned for to the Honorable Kenneth R. Freeman, Judge of the Superior Court]<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO THE UNITED STATES DISTRICT COURT.**<br><br>Complaint Filed: July 9, 2010 |

**To The Clerk of the Superior Court for the State of California, County of Los Angeles and to Plaintiff and Its Attorney of Record:**

PLEASE TAKE NOTICE that on August 12, 2010, Defendant Duro Bag Manufacturing Co. ("Duro Bag") filed a Notice of Removal of the above referenced action, *Western Pacific Kraft v. Duro Bag Manufacturing Co.*, with the Clerk of the United States District Court for the Central District of California. A copy of the Notice of Removal (exclusive of attachments) is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that this Notice and Notice of Removal have been served on the adverse parties.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of this Notice with this Court, effects the removal of this action, and thus this Court may proceed not further with this action unless and until the action is remanded.

DATED: August 12, 2010

CHRISTOPHER D. DUSSEAULT
CAROL M. SILBERBERG
GIBSON, DUNN & CRUTCHER LLP

By: ______________________
Christopher D. Dusseault

Attorneys for Defendant
DURO BAG MANUFACTURING CO

## CERTIFICATE OF SERVICE

I, Lisa M. Molina, declare as follows:

I am employed in Los Angeles, California; I am over the age of eighteen years and am not a party to this action; my business address is 333 S. Grand Ave., Los Angeles, California 90071. On August 12, 2010, I served the following:

**NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

by placing a copy thereof in an envelope addressed to each of the persons named below at the address shown:

| | |
|---|---|
| Maxwell M. Blecher, Esq.<br>Jennifer S. Elkayam, Esq.<br>Blecher & Collins, P.C.<br>515 South Figueroa Street, Suite 1750<br>Los Angeles, CA 90071-3334 | Attorney for Plaintiff, Western Pacific Kraft, Inc.. |
| ☑ | **BY PERSONAL SERVICE:** I placed a true and correct copy in a sealed envelope addressed to each person named at the address shown above and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date. |

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by me on August 12, 2010, at Los Angeles, California.

______________________________
Lisa M. Molina

# EXHIBIT D

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):
BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER (SB # 026202)
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
TELEPHONE NO.: (213) 622-4222 FAX NO.: (213) 622-1656
ATTORNEY FOR (*Name*): PLAINTIFF, WESTERN PACIFIC KRAFT, INC.

FOR COURT USE ONLY

CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court

JUL 09 2010

John A. Clarke, Executive Officer/Clerk
By ______, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME:
Western Pacific Kraft, Inc. v. Duro Bag Manufacturing Company

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
BC 441367
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[✓] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: July 9, 2010
MAXWELL M. BLECHER
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: WESTERN PACIFIC KRAFT, INC. v. DURO BAG MANUFACTURING CO. | CASE NUMBER BC441367 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| WESTERN PACIFIC KRAFT, INC. v. DURO BAG MANUFACTURING CO. | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: WESTERN PACIFIC KRAFT, INC. v. DURO BAG MANUFACTURING CO. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☑ A6003 Antitrust/Trade Regulation | 1., (2)., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: WESTERN PACIFIC KRAFT, INC. v. DURO BAG MANUFACTURING CO. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: 9536 WILSHIRE BOULEVARD, SUITE 310 |
|---|---|---|---|
| CITY: BEVERLY HILLS | STATE: CA | ZIP CODE: 90212 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the County courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 9, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

BC 441867

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**
Case Number ______________________

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

**Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.**

| | ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| | Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| | Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| | Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 | |
| | Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| | Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| | Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 | |
| | Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 | |
| | Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| | Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | X |
| | Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| | Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| | Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | | |
| | Hon. Ronald M. Sohigian | 41 | 417 | | | | |

***Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ______________ JOHN A. CLARKE, Executive Officer/Clerk

By ___________________________, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.



BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
mblecher@blechercollins.com
Jennifer S. Elkayam (State Bar No. 238619)
jelkayam@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff
WESTERN PACIFIC KRAFT, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 09 2010

John A. Clarke, Executive Officer/Clerk
By: SHAUNYA WESLEY, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

WESTERN PACIFIC KRAFT, INC., a California corporation,

Plaintiff,

vs.

DURO BAG MANUFACTURING COMPANY, a Kentucky corporation,

Defendant.

CASE NO. BC441367

DEMAND FOR JURY TRIAL

TO THE ABOVE-ENTITLED COURT AND ALL INTERESTED PARTIES:

Plaintiff WESTERN PACIFIC KRAFT, INC., hereby demands a jury trial in the above-entitled action.

Dated: July 9, 2010

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER
JENNIFER S. ELKAYAM

By: [signature]
Maxwell M. Blecher
Attorneys for Plaintiff WESTERN PACIFIC KRAFT, INC.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
mblecher@blechercollins.com
Jennifer S. Elkayam (State Bar No. 238619)
jelkayam@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff
WESTERN PACIFIC KRAFT, INC.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| WESTERN PACIFIC KRAFT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DURO BAG MANUFACTURING COMPANY, a Kentucky corporation,<br><br>Defendant. | CASE NO. BC441367<br><br>[Assigned for all purposes to the Hon. Kenneth R. Freeman, Dept. 64]<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE**<br><br>Date: November 9, 2010<br>Time: 8:30 a.m.<br>Place: Department 64<br><br>[Complaint filed July 9, 2010] |

TO DEFENDANT DURO BAG MANUFACTURING COMPANY:

PLEASE TAKE NOTICE that the Court has scheduled a Case Management Conference in the above-entitled matter on November 9, 2010 at 8:30 a.m. in Department 64 of the above-entitled Court. Attached hereto as Exhibit A is a true and correct copy of the Notice of Case Management Conference issued by the Court.

Dated: August 3, 2010

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER
JENNIFER S. ELKAYAM

By: ______________________
Jennifer S. Elkayam
Attorneys for Plaintiff WESTERN PACIFIC KRAFT, INC.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

**EXHIBIT A**

NOTICE SENT TO:

Blecher, Maxwell M., Esq.
Blecher & Collins, PC
515 South Figueroa Street, Suite 1750
Los Angeles CA 90071

ORIGINAL FILED
JUL 16 2010
LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

WESTERN PACIFIC KRAFT INC
Plaintiff(s),
VS.
DURO BAG MANUFACTURING
Defendant(s).

CASE NUMBER
BC441367

NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for November 9, 2010 at 8:30 am in Dept. 64 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: July 16, 2010

KENNETH R. FREEMAN
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: July 16, 2010

John A. Clarke, Executive Officer/Clerk

by F. Lopez, Deputy Clerk

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 515 South Figueroa Street, Suite 1750, Los Angeles, California 90071-3334. On **August 3, 2010**, I served the within: **NOTICE OF CASE MANAGEMENT CONFERENCE** on all interested parties in this action as follows:

**BY MAIL:** by placing a true copy thereof in envelopes addressed to each of the persons named below at the addresses shown below:

Eric Caliguri, Esq.
Craig J. Mariam, Esq.
Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

Christopher D. Dusseault, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

and by then sealing and placing said envelopes for collection at a designated location at Blecher & Collins's offices at 515 South Figueroa Street, Suite 1750, Los Angeles, California 90071-3334 during designated hours, for mailing on the above date, following ordinary business practices.

I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service; pursuant to that practice, envelopes placed for collection at designated locations during designated hours are deposited with the United States Postal Service with first class postage thereon fully prepaid on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

☒ (State) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **August 3, 2010**, at Los Angeles, California.

Celeste M. Gallegos

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW