

CHRISTOPHER D. DUSSEAULT (SBN: 177557)
E-mail: *cdusseault@gibsondunn.com*
BABAK LALEZARI (SBN: 261703)
E-mail: *blalezari@gibsondunn.com*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

KEVIN W. ALEXANDER (SBN: 175204)
E-mail: *kalexander@gordonrees.com*
MARSHALL S. BRENNER (SBN: 208780)
E-mail: *mbrenner@gordonrees.com*
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (877) 306-0043

Attorneys for Defendant/Counterclaimant
Duro Bag Manufacturing Co.

FILED
CLERK, U.S DISTRICT COURT
AUG 4 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

NOTE CHANGES MADE BY THE COURT

NOTE CHANGES MADE BY THE COURT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

WESTERN PACIFIC KRAFT, INC., a California corporation,

Plaintiff,

vs.

DURO BAG MANUFACTURING COMPANY, a Kentucky corporation,

Defendant.

Case No. 2:10-cv-06017-DDP-SSx

**STIPULATED PROTECTIVE ORDER**

**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]**

Judge: Hon. Dean D. Pregerson
Courtroom: 3

Magistrate: Suzanne Segal
Dept.: 23, 3rd Floor

DURO BAG MANUFACTURING COMPANY, a Kentucky corporation,

Counterclaimant,

vs.

WESTERN PACIFIC KRAFT, INC., a California corporation,

NOTE CHANGES MADE BY THE COURT

Disclosure and discovery activity in the Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order in order to facilitate the exchange of documentation, testimony and other information that contains confidential, financial or other proprietary information that is competitively or commercially sensitive.

Good Cause Statement: This action involves a dispute between competitors in which the plaintiff challenges the defendant's conduct and pricing with respect to sales to customers. Discovery in this action to support or defend against plaintiff's claims will involve the disclosure of private privileged, proprietary, and confidential information, including without limitation the following: (1) confidential and non-public business models and plans; (2) confidential and non-public documents concerning customers and potential customers; and (3) confidential and non-public financial records. This information includes, without limitation, the parties' pricing structures, the amounts and volumes of products ordered by the parties' customers, the pricing charged to the parties' customers, internal analysis of how the parties' pricing is set, internal analysis of the parties' distribution systems in California, internal analysis of the parties' marketing and business strategies and their competitors and other sensitive and private information not disclosed to the public. Pursuant to Fed. R. Civ. P. 26(c)(7), good cause therefore exists for entry of this Order because the parties to this action: (1) either have sought or might seek the discovery of certain information in this action that the parties believe is sensitive or confidential; (2) believe that unrestricted disclosure or dissemination of such information could cause them some business or commercial injury; (3) desire an efficient and practicable means to designate such

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

information as confidential and control its disclosure or dissemination; and (4) have agreed to such means as set forth herein.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable terms of this Order and legal principles.

The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

NOW THEREFORE IT IS HEREBY STIPULATED by and between plaintiff and defendant, through their respective counsel of record, that the Court should issue this Protective Order concerning the confidentiality of information and documents produced during discovery as follows:

1. Nothing in this Order shall be deemed to impact in any way a party's right to object to any discovery request on any grounds. Each party reserves the right to withhold production of information pursuant to any such objections(s).

2. In connection with the Action, any party may designate documents within the meaning of Federal Rule of Civil Procedure 34(a), transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, and any other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries produced, filed with the Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)") as "CONFIDENTIAL" or " CONFIDENTIAL - ATTORNEYS' EYES ONLY." In addition, any third-party may designate documentation, things, materials, testimony or other information it produces as "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" to be governed by the terms of this Order.

3. For purposes of this Order, material that may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be limited to non-public information and documents, such as: (1) confidential and non-public business models and plans; (2) confidential and non-public documents concerning customers and potential customers; and (3) confidential and non-public financial records. This information also includes, without limitation, the parties' pricing structures, the amounts and volumes of products ordered by the parties' customers, the pricing charged to the parties' customers, internal analysis of how the parties' pricing is set, internal analysis of the parties' distribution systems in California, internal analysis of the parties' marketing and business strategies and their competitors and other sensitive and private information not disclosed to the public.

Documents and information to be designated " CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to confidential information that the producing party, in good faith, reasonably believes to be so competitively sensitive that the producing party could suffer competitive or economic harm if such information were disclosed to the other parties in this action or to third parties generally.

4. Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom (hereinafter "Designated Material") shall be used by the receiving party only for the purposes of the prosecution, defense or settlement of this lawsuit (Case No. CV10-6017-DDP (SSx)), or the related lawsuit (Case No. CV 11-04937-DDP (SSx)) between the parties.

5. All Designated Material, and the contents thereof, and any information

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

contained therein, and all notes or summaries prepared therefrom shall not be disclosed to any person or entity except in accordance with the terms, conditions and restrictions of this Order.

6. Material that is designated as "CONFIDENTIAL" may be disclosed or made available only to the Court, counsel of record representing a party in this Action, and to the following persons:

a. A party, an officer, director, or employee (including in-house counsel) of a party deemed necessary by counsel to aid in the prosecution, defense, evaluation, or settlement of this Action;

b. Paralegal, secretarial, and clerical employees of the counsel of record representing any party to this Action;

c. Experts, investigators, consultants or third parties together with clerical staff utilized by counsel to assist in the prosecution, defense, evaluation or settlement of this Action;

d. Personnel of the Court;

e. Any mediator, discovery referee or settlement conference officer assigned to the Action;

f. Certified court reporters, and other persons involved in recording or transcribing testimony (including depositions and hearings) in this Action;

g. Employees of copying, microfilming, or other services engaged to reproduce "CONFIDENTIAL" materials in this Action;

h. A witness at any deposition or other proceeding in this Action and/or counsel for such witness, subject to the conditions specified in Paragraph 15, below;

i. The author of the document or the original source of the information, and any person identified on the document as having received;

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

j. Persons acting as panelists or jurors in any focus group, jury research or similar exercise who execute a confidentiality agreement as part of their service as a panelist or juror; and

k. Any other person agreed upon in writing by both parties.

7. Before disclosing "CONFIDENTIAL" materials to any person in subparagraphs 6 (a) - (c), (e) – (i) and (k), above, counsel shall explain to such person that the documents are designated "CONFIDENTIAL" and subject to this Order. All persons in subparagraphs 6 (a), (c) or (k), above, receiving "CONFIDENTIAL" documents shall, before receiving any such material, sign the Confidentiality Agreement in the form attached hereto as Exhibit "A". Counsel for each party shall retain the original signed Confidentiality Agreement they obtain from persons with whom they share such material.

8. Information so competitively sensitive that the producing party could suffer competitive harm if such information were disclosed is considered to be so highly confidential that its disclosure and use within the Action should be further restricted. The party producing such materials, or the party to whom the materials pertain, may, in good faith, designate the same as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

9. Material that is designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed or made available only to the Court, counsel of record representing a party in this Action, and to the following persons:

a. In-house counsel of a party deemed necessary by outside counsel to aid in the prosecution, defense, evaluation, or settlement of this Action. The name and business title of any in-house counsel provided access shall be identified;

b. Paralegal, secretarial, and clerical employees of the counsel of record representing any party to this Action;

c. Experts or consultants and their staff to whom disclosure is

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

reasonably necessary for this litigation and who are employed for the purposes of this litigation and who, to the best of their knowledge, are not currently performing any services, either as an employee, consultant, or otherwise for any competitor of any party to this action or for one having any interest adverse to any party to this action;

d. Personnel of the Court;

e. Any mediator, discovery referee or settlement conference officer assigned to the Action;

f. Certified court reporters, and other persons involved in recording or transcribing testimony (including depositions and hearings) in this Action;

g. Employees of copying, microfilming, or other services engaged to reproduce, image and/or code "CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials in this Action;

h. A witness at any deposition or other proceeding in this Action and/or counsel for such witness, subject to the conditions specified in Paragraph 15 below; and,

i. Persons acting as panelists or jurors in any focus group, jury research or similar exercise who execute a confidentiality agreement as part of their service as a panelist or juror; and

j. Any other person agreed upon in writing by both parties.

Notwithstanding any of the above, any party may bring a motion to permit disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials to a person not otherwise permitted access under this Paragraph on the ground that such disclosure is necessary to the ability of the party to properly prosecute or defend the Action. On any such motion, the moving party has the burden of proving by a preponderance of the evidence the need for access.

10. Before disclosing any "CONFIDENTIAL - ATTORNEYS' EYES

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

ONLY" materials to any person designated in subparagraphs 9 (a) - (c), (e) - (h) and (j), counsel shall explain to such person that the documents are designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and subject to this Order. Before being given access to any "CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials, all persons specified in subparagraphs 9 (a), (c) or (j) shall sign the Confidentiality Agreement in the form attached hereto as Exhibit "A". Counsel for each party shall retain the original signed Confidentiality Agreement they obtain from persons with whom they share such material.

11. A designating party that inadvertently fails to mark designated material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of production or testimony shall have seven (7) court days from discovery of the oversight to correct its failure. Such correction and notice thereof shall be made in writing accompanied, in the case of documents, with substitute copies of the designated material appropriately marked as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The non-designating party shall not be deemed to have violated this Order on the basis of a disclosure that was permissible at the time made simply because the document or information is subsequently designated "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12. When any third party produces documents or testimony pursuant to a request from a party in this matter, such third parties may designate their documents or testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order. In addition, within five (5) court days of the receipt of any third-party documents or testimony, any of the parties to this Action may designate such documents or testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order.

//

13. Any party may challenge by motion any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation on the ground that the designation is inappropriate and the materials designated should not be subject to the relevant provisions of this Order. Before bringing any such motion, the challenging party shall meet and confer with the designating party in an attempt to resolve the issue pursuant to L.R. 37 (SS). On any such motion, the designating party has the burden of proving by the preponderance of the evidence that the designation is appropriate. Until the Court rules on the motion, the materials designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be protected as if properly designated. A party shall not be obligated to object to the designation of materials at the time the designation is made; failure to object at that time will in no way prejudice a party's right to object to the designation at a later time.

14. Nothing herein shall impose any restrictions on a party from disclosing its own "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material as it deems appropriate.

15. A witness at any deposition or other proceeding in this Action and/or counsel for such witness may be shown designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, but only in preparation for, or during, the deposition or proceeding, and only under the following circumstances:

a. The witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy of the designated material, or is in a position that s/he would logically review or receive such designated material in the course of his/her employment;

b. The witness is otherwise entitled under this Order to see the designated material;

c. The designating party/person has given permission for the witness to see the designated material; or,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

d. By leave of court.

16. Any part of testimony taken at a deposition that discusses or refers to "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material may be designated as such by making a statement to that effect on the record at the deposition or proceeding or by notifying the other party and the court reporter of such designation within twenty (20) days after receipt of the transcript of such deposition . Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and to label such portions appropriately.

17. In the event that any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material is used in any deposition, motion or hearing in this Action, it shall not, to the extent permitted by law, lose its confidential status through such use. The Party using the designated material shall take all reasonable steps to maintain the confidentiality of the materials during such use, including filing documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the extent permitted by the Court or allowed by law.

18. If any party files with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, the pleading or other paper in which the material is embodied shall be filed in accordance with the local rules, and accompanied, pursuant to Local Rule 79-5.1, by an application and proposed order to file the papers or the portion thereof containing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material under seal.

19. Nothing in this Order is intended to, or does, preclude either party from using any discovery materials at trial or a hearing in this action. Either party

reserves the right to request that the Court close proceedings to the public or take other action to protect the confidentiality of information to be used at the trial or proceeding, but refusal by the Court to grant such protection does not limit the right of a party to use information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the trial or proceeding.

20. This Stipulated Protective Order is entered into solely for the purpose of facilitating the exchange of documentation and information between the parties to this Action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or documents under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of any admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

21. This Order shall survive the final termination of this Action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within thirty (30) days of the Court's issuance of a final written judgment, award, or the settlement of all claims between the parties in this action, counsel for the parties shall return to each other, or to any third party from whom documents have been obtained, all documents, material, and deposition transcripts material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all copies of same. In the alternative, counsel for the parties may assemble and destroy such materials, with a written confirmation provided to the designating party that such destruction has occurred.

However, documentation that consists of an attorney's work product need not be returned or destroyed, but is subject to this Order and cannot be used for any purpose outside this Action in the future or disseminated in any fashion to any other person or entity. Counsel for each party shall be permitted to retain and

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

archive "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material that is contained in attorney notes or other attorney work product, attorney-client privileged communications, pleadings, other court filings or deposition transcripts (including exhibits thereto).

In the event there is an attempt to obtain said documentation, the holder of any documents subject to this Order, including work product documentation, shall promptly give notice to all of the parties of the information being sought by a third party in a separate action, so that those parties can involve themselves in the request and protect any information protected by this Order. No information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed by the holder thereof until the designating party has been notified and provided a reasonable opportunity to object, quash, or act otherwise to prevent such disclosure.

DATED: August 2, 2011

BLECHER & COLLINS, P.C.

By: Jennifer S. Elkayam
Attorneys for Plaintiff/Counterdefendant Western Pacific Kraft, Inc.

DATED: August 3, 2011

GIBSON, DUNN & CRUTCHER LLP

By: Christopher D. Dusseault
Attorneys for Defendant/Counterclaimant Duro Bag Manufacturing Co.

DATED: August 3, 2011

GORDON & REES LLP

By: Kevin W. Alexander
Marshall S. Brenner
Attorneys for Defendant/Counterclaimant Duro Bag Manufacturing Co.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**Order**

For good cause shown,

**IT IS SO ORDERED.**

Any disputes arising out of this Order may only be resolved under L.R. 37.

DATED: 8/4/11, 2011

Honorable Suzanne Segal
United States ~~District~~ Magistrate Judge

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| WESTERN PACIFIC KRAFT, INC., a California corporation,<br>Plaintiff,<br>vs.<br>DURO BAG MANUFACTURING COMPANY, a Kentucky corporation,<br>Defendant. | Case No. 2:10-cv-06017-DDP-SSx<br><br>Judge: Hon. Dean D. Pregerson<br>Courtroom: 3<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]<br><br>Magistrate: Suzanne Segal<br>Dept.: 23, 3rd Floor |
| DURO BAG MANUFACTURING COMPANY, a Kentucky corporation,<br>Counterclaimant,<br>vs.<br>WESTERN PACIFIC KRAFT, INC., a California corporation,<br>Counter-defendant. | |

My name is ______. My address is __________. I am employed as ____________ (state position) at ___________ (state name and address of employer).

1. I have read the Stipulation and Protective Order, and a copy of it has been given to me. I understand the provisions of this Order, and I agree to comply with and to be bound by its provisions.

2. I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Order.



Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of , 201_ at ________________ (city and state).

By: ______________________________
[SIGNATURE]

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071